## STATE v. SHEINER (No. 2).

Circuit Court, Dade County.

July 23, 1956.

George M. Brautigam, State Attorney, Paul A. Louis, Assistant State Attorney, for the state.

Louis M. Jepeway, Miami, and John Coe, Pensacola, for respondent.

RAY PEARSON, Circuit Judge.

This matter came on for hearing on the state's motion to disbar and the amended answer of the respondent, Leo Sheiner, an attorney at law. Testimony was taken in open court on July 2 and 3, 1956. After the state rested its case the court recessed the hearing for two weeks, at respondent's request. Testimony of respondent's witnesses and the state's rebuttal were heard on July 17, final arguments were presented to the court on July 18.

The court having heard the testimony of all persons taking the witness stand, having read the depositions in evidence and having heard and considered the argument of counsel, it is ordered, adjudged and decreed that the motion of the petitioner, State of Florida, is granted and that the respondent, Leo Sheiner, an at-

torney at law, be and he hereby is disbarred from the practice of law in this state.

This court conducted this disciplinary judicial hearing in accord with the rules of due process of law and in the light of the ruling and opinions of the Supreme Court of Florida handed down on July 29, 1955, reported at 82 So. 2d 657.

The state called witnesses who testified regarding the respondent's communist activities and party membership from late 1946 to 1952 or parts thereof. This testimony as to Sheiner's membership in an organization dedicated to the forceful overthrow of our form of government is unrebutted.

The court has drawn no inferences from respondent's refusal to answer numerous questions of the state, basing his refusal to answer on the protection against self-incrimination afforded by the first and fifth amendments to the federal constitution and sections 12 and 13 of the declaration of rights of the Florida constitution. The invoking of the protections afforded all persons under our law is not evidence, nor does it necessarily raise any inference of guilt; but on the other hand it cannot be construed to be a denial or disclaimer, nor can it be considered to rebut anything.

The testimony established unprofessional acts, misconduct and violation of his oath as a Florida attorney by respondent's communist activities in 1946 to the year 1952. He was given every opportunity to come forward after the recess of a full two weeks and deny the charges, or admit the errors of his earlier years, explain his actions and reaffirm his loyalty, respect and ready assistance to aid, protect and defend the constitution and government of our great democracy.

The respondent has not been candid with this court. To the contrary he has been glib, evasive, almost indifferent at times in his attitude and disposition.

A lawyer is an officer of the court, his position is one of trust and influence. The state has demonstrated by conclusive evidence that respondent is not entitled to the privilege of practicing law. His unprofessional acts, deceit, misconduct and utter disregard of his oath, reveal him as unfit to be an attorney in this state.

The clerk is directed to withdraw his license to practice law and his privilege of serving as an officer of the courts of this state.