### STATE v. SHEINER (No. 3).

Circuit Court, Dade County.

April 5, 1957.

Richard E. Gerstein, State Attorney, George M. Brautigam, Special Assistant State Attorney, for the state.

Louis M. Jepeway, Miami, and John Coe, Pensacola, for respondent.

RAY PEARSON, Circuit Judge.

This matter has had a long and inglorious history in the courts of this state. In considering the evidence and testimony before this court, the last hearing having been completed on March 12, 1957, a brief review of the proceedings is necessary.

On April 7, 1954 Ellis S. Rubin, a member of the Florida Bar and an officer of this court, filed before one of the judges of this court his "suggestion as amicus curiae" calling the court's attention, among other things, to the alleged conduct of Leo Sheiner, a practicing Florida attorney.

The alleged conduct occurred before the subcommittee on internal security of the United States Senate committee on the judiciary at sessions held in New Orleans in March 1954, and before a Dade County grand jury. To the "suggestion" was attached a transcript of a portion of the proceedings before the Senate subcommittee.

After the suggestion was filed this court entered an order directing the state attorney to move to disbar attorney Sheiner. Five days later the state attorney filed a motion to disbar under provisions of section 454.24, Florida Statutes 1953, charging Sheiner with unprofessional acts demonstrating his unfitness as an attorney, deceit and misconduct in his office of attorney, and violation of the code of ethics prescribed for members of the Bar.

Specifically in regard to the charges of unprofessional acts and misconduct the motion stated in paragraph 5 that the respondent is or has been a member of organizations advocating and teaching the theory of forceful overthrow of the constitutional form of government of the United States, listing such organizations as follows —(1) the Southern Conference for Human Welfare, Florida Fourth Congressional District Committee, (2) the National Lawyers' Guild, (3) the Southern Conference Educational Fund, (4) the Southern Negro Youth Congress, (5) the Civil Rights Congress and (6) the Communist Party of the United States. The motion further stated that in appearing before a Dade County grand jury and the Senate subcommittee investigating communism in the south the respondent, Sheiner, had repeatedly refused to answer questions posed to him, invoking his constitutional protections from the first, fourth, fifth, sixth, eighth, ninth and tenth amendments of the United States constitution.

Respondent, in his original answer, denied that he had ever been guilty of unprofessional acts or misconduct and stated that he did not believe in advocating or teaching the forceful overthrow of the constitutional form of government of the United States. He admitted his invoking of the fifth amendment in declining to answer questions by the subcommittee and the county grand jury.

After extensive pleadings permitted under the rules but of no relevancy here the issues made by the motion to disbar and answer came on for final hearing before the Honorable Vincent C. Giblin,

one of the judges of this court, on September 3, 1954. At this hearing only the respondent, Leo Sheiner, and Phillip B. Kenney, a retired special agent of the bureau of internal revenue, Treasury Department, testified. Following the respondent's repeated refusal to answer questions lawfully directed to him upon the grounds of the protection afforded him by the fifth amendment, the court interrupted the proceedings and directed two questions to the respondent—"Have you ever been a member of the communist party?" and "Are you now a member of the communist party?" The respondent refused to answer these questions—declining on the same constitutional grounds. Judge Giblin thereafter summarily disbarred him [State v. Sheiner, 6 Fla. Supp. 127].

Following the first judgment respondent appealed to the Supreme Court and in a lengthy opinion that court reversed the judgment of disbarment, remanded the cause with directions to the trial court to conduct further hearings [Sheiner v. State, 82 So. 2d 657]. The question before the Supreme Court was, directly, whether respondent's refusal to answer the questions posed to him by the court was sufficient ground upon which to disbar him. The high court answered this question in the negative.

It is recognized by all legal authorities that a person has the right to refuse to answer questions which might tend to incriminate him, but herein the distinction which was urged was the respondent's status as an attorney, that is, that Bar membership is a privilege and not a right and that when a person refuses to testify in such cases as this an inference of guilt may be indulged. The Supreme Court held that this court erred in that interpretation and we are bound now to follow their determination of this question.

Upon reversal of the judgment of this court the presiding judge in whose division this matter was filed (Judge Giblin) recused himself and the senior circuit judge of the eleventh judicial circuit assigned the cause to this division of the circuit court.

Shortly thereafter the respondent filed an amended answer wherein he denied membership or any affiliation with the communist party after April 1, 1952. The court after holding a pretrial conference rescheduled the trial for July 2, 1956, pursuant to the directions by the Supreme Court.

The state, as the petitioner and moving party, offered the testimony of Edwin E. Waller and Joseph D. Mazzei, and called the respondent as an adverse witness. After a two weeks recess necessitated by a stipulation between the parties, the court heard

the respondent's witnesses—Melvin A. Thompson, Joseph Barth (by deposition), James B. Nimino, Edwin E. Waller (recalled), Judge Stanley Milledge and Rabbi Morris A. Skop. Upon due consideration thereof, this court entered a judgment and order of disbarment on July 23, 1956—disbarring respondent for the reasons stated therein [State v. Sheiner (No. 2), 9 Fla. Supp. 121]. Specifically in that order I stated—"The testimony established unprofessional acts, misconduct and violation of his oath as a Florida attorney by respondent's communist activities in 1946 to the year 1952. * * * A lawyer is an officer of the court, his position is one of trust and influence. The state has demonstrated by conclusive evidence that respondent is not entitled to the privilege of practicing law and by a preponderance of the evidence has shown him to be unfit by his unprofessional acts."

The cause was again appealed to the Supreme Court. There came to the attention of the state, during the period between the trial of July 2, 1956 and while the appeal was pending, information from the federal bureau of investigation and other departments of the federal government that testimony of the witness Joseph D. Mazzei might be perjured and was most certainly questionable as to its truthfulness. While the appeal was pending in the high court the state, by and through its state attorney, and the attorneys for the respondent entered into a stipulation to the effect that the parties were in agreement in their belief that the cause should be further considered by the trial court without reference to the testimony of the state's witness, Joseph D. Mazzei.

The Supreme Court again set aside the order of disbarment and remanded the cause to this court for further hearings and consideration. In compliance with the Supreme Court mandate rehearing was ordered before this court on March 12, 1957. The only testimony offered at this hearing was that of the respondent, Leo Sheiner. No other witnesses were called before the court. There was no testimony that any of the organizations listed in the motion to disbar advocated or taught the theory of forceful overthrow of our government except the communist party. Testimony as to respondent's possible association with the communist party was limited to 1947 or 1948.

With the striking of the testimony of Joseph D. Mazzei, the alleged undercover agent for the F.B.I., this court has for consideration at this time, on the state's motion for disbarment, the testimony of Edwin E. Waller and the respondent Sheiner only. The court has carefully read and reread the testimony of these parties.

The most damaging testimony of Edwin E. Waller, an admitted member of the communist party in 1946 to 1948, was to the effect that he met with Mr. Sheiner and one Charles Smolikoff here in Dade County in 1947 at which time Mr. Sheiner was introduced to him as a member of the party. There is in the record no further evidence to prove the allegations set forth in the motion to disbar.

It must be made clear that the respondent on the stand July 2nd, 1956 and March 12th, 1957 answered all questions directed to him regarding his activities after April 1, 1952. The state advised the court in open session on several occasions that the state had no evidence of communist activities or improper activities of any kind or nature regarding the respondent after the date April 1, 1952.

The court has pondered this matter most intently. I hoped at each hearing that the respondent would come forward and make a full and complete denial of this matter to the court, his fellow members of the legal profession and the community in which he lives and practices.

Good Americans despise communism and the tactics, aims and purposes of the communist party with every emotion they possess. The federal government and its investigative bureaus have done much to root out those in allegiance to Soviet Russia as well as their calling to the attention of the American people the dangers to their freedom and way of living from those who are our mortal enemies.

We who despise communism and cherish freedom also realize that in our zeal we must never deprive an accused individual of the protection of the procedures of law which are the guardians of our freedom. The Supreme Court of Florida in its opinion filed July 13, 1956 stated—"This court is committed to the doctrine that claiming the privilege against self-incrimination is not a disgrace. It isn't to be construed as an inference of guilt or that one who claims it is addicted to criminal tendencies. It may be claimed by the innocent as well as the guilty, and this exercise may not be considered a breach of duty to the court."

Disbarment proceedings are neither criminal or civil, but disciplinary. Under the applicable rules, considering the evidence and testimony before me, my duty as I see it requires that I enter judgment that the charge against the respondent has not been proved by legal evidence, therefore, I dismiss the state's motion to disbar. Under the law of the state as now established the state has not met its burden of proving its motion to disbar by a clear preponderance of the evidence.